UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. BARNES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14CV1249 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed on July 14, 2014. The United States of America filed its response on May 15, 2019. For the reasons set forth below the Motion will be denied and no hearing will be granted.

## Procedural History

On July 14, 2014, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. On August 8, 2014, Petitioner moved to withdraw his Section 2255 motion, which was granted by the Court. Petitioner thereafter sought permission with the United States Court of Appeals for the Eighth Circuit to file a successive Section 2255 motion. On July

21, 2016, the Eighth Circuit denied the motion and ordered this Court to consider the initial Section 2255 Motion. On April 15, 2019, this Court ordered the United States to show cause why the relief requested in Barnes' initial Section 2255 motion should not be granted.

On May 9, 2012, Petitioner was charged by a federal grand jury with conspiring with a co-defendant to distribute and possess with intent to distribute in excess of 28 grams of cocaine base (Count One); distribution of a quantity of cocaine base on September 28, 2010 (Count Two); and distribution of in excess of 28 grams of cocaine base on October 6, 2010 (Count Three), in violation of Title 21, United States Code, Section 841(a)(1). Petitioner waived in writing and orally his right to file pre-trial motions. Accepting the waiver, Judge David D. Noce found:

> At the evidentiary hearing, defendant James Barnes appeared in open court, with counsel, and advised the undersigned that he had decided not to raise any issues by way of pretrial motions. Here thereupon in open court under oath voluntarily waived his rights to file pretrial motions and to have a pretrial hearing in this case at this time and in the future.

Pursuant to a Guilty Plea Agreement (the "Agreement"), Petitioner pleaded guilty to the conspiracy charged in Count One on July 19, 2012. The parties agreed that Petitioner was accountable for between 28 grams and 112 grams of cocaine base, resulting in a Base Offense Level of 26 pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 2D1.1(c)(7). Petitioner expressly understood that

2

if he were deemed to be a Career Offender under Section 4B1.1, his Base Offense Level would be 34. Petitioner further agreed that he had "discussed the provisions of 2D1.1 and 4B1.1 over with his attorney and . . . under[stood] the affect these provisions have on [his] Guidelines range of imprisonment.

With respect to Barnes' waiver of appeal, the Agreement provided:

**A.** **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **i.** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

    **ii. Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the Defendant within or above that range.

Petitioner also waived "all rights to contest the conviction or sentencing in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Petitioner acknowledged in the Agreement that he was waiving, among other things, his right "to file pretrial motions, including motions to suppress or exclude evidence."

The Agreement further provided that Petitioner was "fully satisfied with the representation received" from his defense counsel Kristy Ridings, and that Ms. Ridings had "completely and satisfactorily explored all areas which he ha[d] requested relative to the United States' case and any defenses." Petitioner also acknowledged entering into the Agreement "voluntarily" and of his "own free will."

On June 5, 2013, a Presentence Investigation Report ("PSR") was submitted. Consistent with the Agreement, the PSR calculated a Base Offense Level of 26 pursuant to Section 2D1.1(c)(7). However, because Petitioner had "at least two prior felony convictions for controlled substance offenses," he was classified as a Career Offender pursuant to Section 4B1.1, resulting in a Base Offense Level of 34. With a Total Offense Level of 31 and a Criminal History Category VI, the guidelines imprisonment range was 188 to 235 months. Petitioner did not file or articulate any objections to the PSR.

On July 15, 2013, the Court sentenced Petitioner to a term of 94 months. A timely *pro se* notice of appeal was filed on July 29, 2013. However, on November 12, 2013, Ms. Ridings filed a motion to dismiss the appeal. *U.S. v. Barnes*, No. 13-2694. Nevertheless, on July 15, 2014, Ms. Ridings filed an *Anders* brief and subsequently moved to withdraw as appointed counsel. In the brief, Ms. Ridings raised the following issues on behalf of Barnes: (1) the District Court abused its

4

discretion in sentencing Petitioner to 94 months imprisonment; (2) defense counsel was ineffective for failing to file motions under Amendment 750 pursuant to Amendment 759; and (3) defense counsel was ineffective for failing to file pretrial motions suppressing evidence obtained against Barnes using GPS tracking. On August 8, 2014, Petitioner filed a *pro se* motion to withdraw his appeal. He attached to his motion an affidavit stating that "after consultation with his attorney, [he] knowingly and voluntarily withdraws his Notice of Appeal previously filed in the above cause." The Eighth Circuit granted the motion and dismissed the appeal in accordance with Federal Rules of Appellate Procedure 42(b).

On July 14, 2014, Petitioner filed his initial Section 2255 Motion in Cause No. 4:14CV01249 HEA. The Court ordered the United States to respond. Prior to the due date for the response, Petitioner sought, and this Court granted him, leave to withdraw his motion.

Petitioner was then denied authorization from the Eighth Circuit to file a successive habeas request, in which he sought relief under *Johnson*, on July 21, 2016, in Cause No. 16-2833. The Eighth Circuit ordered this Court to consider the motion as an initial Section 2255 motion.

## Claims

Petitioner first raises ineffective assistance of counsel. He asserts counsel was ineffective for failing to file a notice of appeal and in failing to properly

5

address what information could or could not be used to determine whether Petitioner qualified as a career offender.

Petitioner claims his rights under the Fourth Amendment were violated when Federal agents used a GPS tracking device on his vehicles, when his phone and stored data were searched without a warrant, and when his phone was pinged without a warrant.

Petitioner raises what appears to be a claim that he is entitled to a sentencing reduction under Amendment 759 and 18 U.S.C. § 3582(c)(2).

Finally, Petitioner seeks relief based on *Johnson v. United States*, 135 S.Ct. 2251.

## **Applicable Standards**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the Petitioner must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'"

*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a Petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the Petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions

upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). "A Section 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently 11 incredible, or conclusions rather than statements of fact.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)), *cert denied*, 540 U.S. 1199 (2004).

Petitioner has "a heavy burden" in establishing ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001); *DeRoo*, 223 F.3d at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, at 687-88; *Sera*, 267 F.3d at 874. There are two substantial impediments to making such a showing. First, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th

Cir. 2006) (*quoting Strickland*, 466 U.S. at 689); *Sera*, 267 F.3d at 874. *See also Ford v. Lockhart*, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently). Second, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (*quoting Strickland*, 466 U.S. at 690). When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Additionally, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland,* 466 U.S. at 692. The burden is on the movant to prove, by a preponderance of the evidence, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *DeRoo*, 223 F.3d at 925.

A Court does not have to determine whether a movant meets the "performance" prong of the *Strickland* test. "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Young v. Bowersox,* 161

9

F.3d 1159, 1160 (8th Cir. 1998) (*quoting Strickland*, 466 U.S. at 697), *cert. denied*, 528 U.S. 880 (1998). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir.) (if the movant makes an insufficient showing on one component, the court need not address both components), *cert. denied*, 531 U.S. 829 (2000).

## Discussion

**Ineffective Assistance of Counsel for Failing to File Notice of Appeal**

Petitioner claims counsel was ineffective for failing to file a notice of appeal and for failing to file an appellate brief. As Respondent correctly argues, Petitioner filed a notice of appeal and counsel filed an *Anders* brief on his behalf. Petitioner himself filed a motion to withdraw his notice of appeal. The Eighth Circuit Court of Appeals granted this Motion on August 14, 2014. Petitioner has failed to present any support to show that he can satisfy the prejudice prong of *Strickland* regarding the notice of appeal.

**Ineffective Assistance of Counsel for Failing to Properly Address What Information Could or Could Not be used to Determine Whether Petitioner Qualified as a Career Offender.**

The footings of the finding that Petitioner was a career offender were the Federal drug convictions for possession with intent to distribute cocaine base and possession with intent to distribute heroin in Cause No. 4:99CR572 DJS and conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in Cause No. 4:06CR719 HEA. Both of these convictions

10

clearly and unquestionable fall within the Career Offender controlled substance conviction category of Section 4B1.1(b)(2). Counsel was not required to raise a meritless objection.

**Fourth Amendment Rights Violated for Placing GPS Tracking Device**

Petitioner claims his rights under the Fourth Amendment were violated when Federal agents placed a GPS tracking device on his vehicles. Petitioner did not raise this issue on direct appeal. As such, his claims are procedurally defaulted unless Petitioner demonstrates cause for failure and actual prejudice. *Moss*, 252 at 1001. Petitioner gives no reasons for the failure to raise this issue on appeal. Indeed, Petitioner withdrew his direct appeal. Furthermore, Petitioner can show no actual prejudice; the government did not use any evidence obtained from the use of the GPS tracking device, therefore, there is no basis for the claim.

Likewise, Petitioner presents nothing which would establish his actual innocence. *Wiley*, 245 F.3d at 752.

**Fourth Amendment Rights Violated from the use of Evidence Obtained from Petitioner's Cell Phone**

This issue is procedurally defaulted since Petitioner failed to raise it on direct appeal. *See, supra*.

**Sentence Reduction Under Amendment 759 and 18 U.S.C. § 3582(c)(2)**

In addition to this claim being procedurally defaulted, *see supra*, Petitioner is not entitled to any relief based on Amendment 759. As Respondent correctly argues, Petitioner was sentenced as a career offender, therefore he is not entitled to a sentence reduction. *United States v. Blackmon*, 584 F.3d 1115, 1116 (8th Cir. 2009)(*per curiam*).

**Johnson Relief**

Petitioner was not sentenced under the residual clause of the Armed Career Criminal statute, rather, his previous convictions were for controlled substance offences and therefore he is not entitled to any relief as a result of *United States v. Johnson*, ___ U.S. ___, 135 S.Ct. 2251 (2015).

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. The §2255 Motion for Post-Conviction Relief is denied.

Since the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence [Doc. #1] is **DENIED** and **DISMISSED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 20th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE